## PRESTON v. PRESTON.

No. 20463. Opinion Filed April 28, 1931.

Rehearing Denied June 30, 1931.

Joe S. Eaton and Elmer L. Fulton, for plaintiff in error.

W. J. Peterson and T. Shackelford, for defendant in error.

KORNEGAY, J. This cause comes from Okmulgee county; Honorable James M. Hays, judge. It is a proceeding in error to review the action of the court in awarding alimony to defendant in error. There is no appeal from the judgment granting the divorce. It is practically conceded by the plaintiff in error that his only ground of complaint is that the court erred in awarding to defendant, Laura Preston, alimony in a lump sum of $4,400 and interest at 6 per cent. per year from date of judgment, December 15, 1928. The referee recommended $75 per month for a period of ten years. The court modified it so that it was $4,400 cash. The journal entry recites:

"The court further finds from the testimony, and the report of the referee, that plaintiff wholly failed to sustain his peti-

tion against defendant for divorce upon the grounds alleged therein, and that plaintiff's petition should be denied and dismissed; that all of the material allegations of the defendant's cross-petition are true."

The case-made purports to set out all the evidence, and there is an agreement of the attorneys that it does, and there is a certificate of the trial judge to the same effect. We have accordingly examined it, in connection with the briefs. We are convinced, after hearing the oral arguments and examining the briefs and record, that the evidence warranted the referee's report, and that the evidence and the referee's report warranted the judgment of the trial court. There was short conflict in the evidence. The referee and the trial court evidently attached more credence to that in favor of the defendant in error than to that of plaintiff in error. Both were within their rights in so doing. We should not interfere.

The cause is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, and McNEILL, JJ., concur. RILEY and SWINDALL, JJ., concur in conclusion. ANDREWS, J., absent.